**SZWEC, et, Plaintiffs-Appellees, v SHEBAN, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3165.   Decided April 23, 1947.

Carlyle & Carlyle and John A. Willo, Youngstown, for plaintiffs-appellees.

Joseph Sheban, Youngstown, for defendant-appellant.

514

## OPINION

By PHILLIPS, J.

On January 20, 1942, plaintiffs, husband and wife, entered into a written lease with defendant by the terms of which plaintiffs granted defendant the right to remove coal, by the strip mining method, from ten acres of their land situated in Mahoning County, Ohio, upon the condition that "the lessee shall level the land back at his own cost", after cessation of stripping operations.

Subsequent to execution of the lease defendant stripped three acres of plaintiffs land of coal deposits and ceased further operation without leveling "the land back", and on January 3, 1944, assigned the lease to the Powhatan Mining Company, which company on January 13, 1944, entered into a separate written agreement with plaintiffs entitled "Modification of Coal Lease", which, after identifying the lease, provided inter alia as follows:—

"WHEREAS, all the minable coal has been removed from the leased premises but the Lessee is using the premises for the purpose of hauling coal from other lands through the premises;

"NOW, THEREFORE, LEON SZEWC and FRANCES SZEWC, in consideration of Two Hundred Dollars ($200) in cash paid to them, hereby releases The Powhatan Mining Company, as assignee of the aforesaid lease, from each and every obligation imposed upon it by said lease as to both past and future obligations and agree that they have no claims, demands, or causes of action against The Powhatan Mining Company.

"And said Leon Szewc and Frances do hereby irrevocably grant and confirm to The Powhatan Mining Company the right to transport over the premises heretofore leased to it coal from other lands and mining equipment and supplies and the right to lay pipe lines for water and waste products."

The Powhatan Mining Company thereafter used plaintiffs' land exclusively as a means of ingress and egress to and from adjacent lands.

Upon request of plaintiff and failure of defendant to level stripped lands "back" plaintiffs filed a petition in the court of common pleas, in which it was alleged that the mining operation had been completed, and in which they sought damages to their lands upon three causes of action in the amount of $9,000.00.

Defendant answered admitting the execution, assignment, and provision of the lease for the "leveling back" of plaintiffs' land; and alleged "that the Powhatan Mining Company operated on the property of the plaintiffs in conjunction with other leases in the vicinity to such operations the plaintiff acquiesced; that on or about the 13th day of January, 1945, the plaintiffs for consideration paid by the Powhatan Mining Company had released the rights for leveling the ground as originally provided in the lease herein"; that "if it transpires that he is still liable under the terms of said lease, which he specifically denies, then in the event adverse (sic) that the mining operation is not completed".

The trial judge overruled defendant's motion to make the Powhatan Mining Company a party defendant, and a jury returned an unanimous verdict for plaintiff for $2700.00 upon which the trial judge subsequently duly entered judgment, from which defendant appealed to this court on questions of law.

Defendant assigned nine grounds of error upon which he relies to secure a reversal of the judgment of the court of common pleas, which summarized are that the trial judge erred prejudicially to him in overruling defendant's motion to make Powhatan Mining Company a party defendant, in admitting evidence offered by plaintiffs over defendant's objection, and in overruling his motion for a directed verdict made at the close of plaintiffs' case; and claims that the verdict of the jury is not supported by the evidence, is excessive and against the manifest weight of the evidence, and contrary to law.

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein." Sec. 11255 GC.

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination can not be had without the presence of other parties, the court may order them to be brought in, or dismiss the action without prejudice." Sec. 11262 GC.

"In order to bring one in as a party under §§11255, 11262 GC, his presence must be essential to the determination of the controversy before the court; the pleadings must disclose in him an interest in the controversy which is adverse to a party thereto. A party to an action cannot inject into the action

a controversy between himself and an outsider whose presence is not essential to the complete determination of the controversy between the parties already before the court. * * * In other words, the statute does not mean that defendants can compel each other to litigate and settle controversies between each other." **30 O. Jur. Sec 61, pages 788, 789, 790.**

The effect upon defendant of his assignment of the lease is set forth in 32 Am. Jur. page 310, Section 356, from which the following excerpts are taken:—

"GENERALLY.—The obligations and liabilities of the lessee to the lessor, arising from express covenants in the lease, are not affected by the lessee's assignment of the lease to a third person, in the absence of an express or implied agreement on the part of the lessor to that effect, or in the absence of an action on his part which amounts to a waiver of his right to insist upon compliance with the covenants, or which estops him from relying thereupon, and this is true even though the assignment is with the consent of the lessor. In other words, the lessor, notwithstanding an assignment of the lease by the lessee, and in the absence of further contract between themselves, retains his right to enforce against the lessee all the personal covenants contained in the lease, wholly unmodified and unaffected by the fact of the assignment. * * * The reason is that although by the assignment the privity of estate between lessor and lessee is terminated, there still remains the privity of contract between them created by the lease, which is not affected by the assignment. * * *

"If the lease contains no provision discharging the lessee from liability on his covenants in case of assignment, the burden is on him to show that it follows by necessary implication from the provisions of the lease that such was the intent of the parties. It has been held that the lessee may not show that a privilege to assign to reputable parties was intended to mean that such an assignment should release him. However, the law does not require direct proof of an agreement in any form to establish the fact of the lessor's acceptance of the assignee of a lease as an obligor in lieu of the original lessee, but it may be established by acts of the parties or circumstances inconsistent with any other conclusion."

While defendant alleged by answer that Powhatan Mining Company was "a reliable party and able to fulfill the terms

of said lease" he did not show by evidence upon trial that the assignment of the lease to reputable parties was intended to mean that such assignment should release him.

"The liablity of the lessee in respect to an agreement implied in law will be discharged by an assignment with the assent of the lessor, for thereby the privity of estate, upon which it depends, is destroyed, and the implied covenant or agreement cancelled. * * *

"But a lessee or grantee is not relieved of the obligations of his express covenant by reason of a transfer or grant of his title to another; such liability of the lessee is so permanently fixed during the whole term that no act of his own can absolve him from the lessor's demands in respect to it. * * * Thus, a lessee is liable upon his express covenant to restore the property or pay damages for failure to do so, though the premises have been released by such lessee with the lessor's assent * * *." **24 O. Jur. page 1029, Section 283.**

The trial judge determined as a matter of law that the instrument called "Modification of Coal Lease", the scope of which perhaps is broader than necessary, did not release defendant from his obligation "to level back" the land under the terms of the original lease. It is remembered that such instrument was an agreement between plaintiffs and Powhatan Mining Company, separate and distinct from the original lease granting the latter a right of way over the land of the former.

The trial judge did not err in so doing, nor in overruling defendant's motion to make Powhatan Mining Company a party defendant. On the latter claimed error see Helen C. Gilboy, Administratrix v Edward W. Kurz, Mahoning Appeals No. 3068.

The case of **Penn v Hayward, 14 Oh St 302,** cited and relied upon by defendant to support his contention is not applicable to the facts of the instant case. Further, as stated by plaintiffs' counsel in his brief, "if Section 40, now §11262 GC, is correctly quoted by the court, the statute has been changed so that the word must contain in Section 40 has been changed to may, and the words 'or dismiss the action without prejudice' added."

The trial judge did not err to defendant's prejudice in permitting the assignment of the lease by defendant to Powhatan Mining Company showing a consideration therefor of $135,000 to be read in evidence.

518

The defendant sought to set up such assignment and subsequent "Modification of Coal Lease" as a defense to plaintiffs' right to recover damages for defendant's failure to "level back" their coal stripped land, and he can not successfully object to the introduction in evidence of the instruments on which he relies.

Now it is claimed that the trial judge erred in permitting the introduction by plaintiff of the testimony of expert witnesses as to the value and condition of plaintiffs' lands before and after the strip mining operation, presumably on the ground that such experts were not familiar with the plaintiffs' lands at such times. It is observed that all the questions asked one such expert were prefaced by the question:—

"Mr. Taylor, you are familiar in a general way with the Szewc property consisting of some ten acres fronting on the Snodes-New Middletown Road, Beavor Township, Mahoning County, prior to January 1942?"

And the other expert was asked a question substantially similar to that question.

There is testimony that both such experts were familiar with plaintiffs' property after the strip mining operation was completed, which completion by defendant was shown by the evidence clearly.

The trial court did not err in allowing the testimony and evidence of which defendant complains introduced in evidence.

By introducing evidence in his own defense defendant waived his motion for a directed verdict made at the close of plaintiff's case. See **Halkias v Wilkoff, 141 Oh St 139.**

The testimony of plaintiffs' expert witnesses McBride and Taylor, relators of many years experience, that plaintiffs' property had depreciated between $3,000 and $3,050 and $2,500 and $3,000 respectively as the result of defendant's coal stripping operation thereon and thereover, was the only testimony or evidence offered with reference to the value of plaintiffs' property, and was uncontradicted.

The trial judge charged the jury explicitly that "in other words, the damage to the property that you will consider is the damage which it sustained by the failure of the defendant to level back what was caused by the mining operations under the original lease", which is dispositive of defendant's complaint that the trial judge did not limit the jury to a con-

sideration of the damage to plaintiff's property resulting from defendant's failure "to level back" their lands.

We have read the reasonably short bill of exceptions submitted to us for review carefully and studied painstakingly the exhibits, among which are several photographs of plaintiffs' ten acres of land and buildings situated thereon, and as a result thereof we can not say that the verdict of the jury and judgment entered thereon are not supported by the evidence, that the verdict is excessive, is against the manifest weight of the evidence, or contrary to law.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.